IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DOUGLAS CREED                          :
                                       :
    Plaintiff                          :
                                       :
        v.                             :   3:12-cv-1571
                                       :   (JUDGE MARIANI)
BENCO DENTAL SUPPLY COMPANY            :
                                       :
    Defendant                          :

## MEMORANDUM OPINION

Presently before the Court is a motion by Plaintiff Douglas Creed ("Plaintiff") to proceed as a collective action and for approval of notice pursuant to the Fair Labor Standards Act ("FLSA") in his suit against Defendant Benco Dental Supply Company ("Defendant"). For the reasons set forth below, the Court will grant Plaintiff's motion for conditional class certification.

## BACKGROUND

Plaintiff spent several years working as a Service Technician for Defendant. Plaintiff claims that he and other similarly situated employees often worked in excess of forty hours each week, and that they were not appropriately compensated by Defendant because of alleged illegalities surrounding Defendant's compensation policy. Plaintiff claims that he and other putative class members were deprived of proper compensation under the FLSA, as they were denied overtime pay as a matter of corporate policy. Plaintiff and the other

putative class members assert that they all occupy or occupied the same type of position, engaged in similar work, and were subject to the same compensation policy.

## DISCUSSION

Plaintiff has moved for this Court to permit him to proceed as a collective action pursuant to the FLSA. The FLSA permits an action to be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). The burden is upon the plaintiff to show that he is similarly situated to the proposed class members. *See Burkhart-Deal v. CitiFinancial, Inc.*, No. 07-1747, 2010 WL 457127, at *1 (W.D. Pa. Feb. 4, 2010).

The term "similarly situated" is not defined in the text of the FLSA, and neither the Third Circuit nor the United States Supreme Court have provided clear guidance as to how this standard should be applied. *See Bell v. Citizen Financial Group, Inc.*, No. 10-320, 2010 WL 3463300, at *2 (W.D. Pa. Sept. 2, 2010). Nevertheless, district courts within the Third Circuit have developed a two-part test to determine the propriety of certification. *See Craig v. Rite Aid Corp.*, No. 08-2317, 2009 WL 4723286, *2 (M.D. Pa. Dec. 9, 2009). "First, the court must decide whether a class should be certified conditionally in order to give notice to the potential class members and to allow for pretrial discovery regarding the individual claims." *Id.* (citing *Woodward v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 190-91 (M.D. Pa.

2

Feb. 19, 2009)). "After the class has been conditionally certified, notice and opportunity to opt-in has been given to the potential plaintiffs, and discovery has been conducted, the court may then 'be asked to reconsider the conditional class certification to determine whether the 'similarly situated' standard has been met.'" *Id.* (quoting *Stanislaw v. Erie Indem. Co.*, 2009 WL 426641, *1 (W.D. Pa. Feb. 20, 2009)). "Final certification requires a higher level of proof than initial conditional certification." *Id.* (citing *Harris v. Healthcare Services Group, Inc.*, 2007 WL 2221411 (E.D. Pa. Jul. 31, 2007).

During the first stage, when a Plaintiff is requesting that the Court provide conditional certification, "a plaintiff's burden to demonstrate that the named class is similarly situated is 'relatively light.'" *Craig*, 2009 WL 4723286, at *2 (citing *Stanislaw*, 2009 WL 426641, at *1)). The "initial determination usually results in conditional certification." *Id.* (citing *Woodward*, 250 F.R.D. at 191)). "The burden in this preliminary certification is light because the risk of error is insignificant: should further discovery reveal that the named positions, or corresponding claims, are not substantially similar the defendants will challenge the certification and the court will have the opportunity to deny final certification." *Id.* To make a determination at this initial stage, courts generally look to the pleadings and affidavits of the parties. *See Aquilino v. Home Depot, Inc.*, No. 04-4100, 2006 WL 2583563, at *1 (D.N.J. Sept. 7, 2006).

In the present matter, Plaintiff submitted the affidavits of eight potential opt-in Plaintiffs, each of which contains allegations of "substantial similarity" between potential

3

class members. *See* Service Technician Sworn Statements, ECF Dkt. 22-4. The sworn statements contain similar language, with each contending: (1) that the potential class member works or worked for Defendant as a Service Technician; (2) Defendant "classified Service Technicians as exempt employees entitled to a set weekly wage and not entitled to overtime pay"; (3) the employee worked in excess of forty (40) hours each week, and usually in excess of 50; (4) Defendant automatically deducted hours for commuting time; (5) Defendant did not accurately track hours, and did not have a proper mechanism to track hours; (6) to the best of the affiant's knowledge, Defendant paid all Service Technicians under the same compensation plan; (7) under Defendant's compensation plan for Service Technicians, Defendant "paid them a set weekly wage regardless of how many hours they worked during any work week"; and (8) Defendant did not pay Service Technicians overtime regardless of hours worked.

Defendant argues that the affidavits contain inadmissible hearsay to support the potential class members' claims of commonality. While the Court should only consider admissible evidence in deciding § 216(b) motions, and courts disregard § 216(d) declarations containing hearsay, *see Kuznyetsov v. West Penn Allegheny Health System, Inc.*, No. 09-379, 2009 WL 1515175, *10-11 (W.D. Pa. Jun. 1, 2009), Defendant does not adequately demonstrate that the Service Technician's sworn statements contain such hearsay. In fact, the affidavits contain a sufficient quantity of non-hearsay statements that they easily meet the burden to establish that the potential plaintiffs are similarly situated at

the conditional certification stage. All potential plaintiffs work for the same employer, in the same job, claim that a universal policy enacted by Defendant inappropriately deprives them of pay, and that they are entitled to similar relief. Any potential hearsay is overwhelmed by statements based upon first-hand knowledge. In addition, the first hand personal knowledge of Plaintiff and other putative class members was reflected in each paragraph of their affidavits which, taken together, provide evidence of the basic features of a compensation plan pursuant to which service technicians employed by Defendant were paid a set weekly wage irrespective of hours worked, and more specifically, a set weekly pay that did not compensate service technicians at one and one-half times an established rate for all hours worked over 40, or for all hours worked over 60.

Plaintiff need only make a "modest" factual showing to demonstrate the propriety of conditional class certification. See *Outlaw v. Secure Health, L.P.*, No. 11-602, 2012 WL 3150582, *3 (M.D. Pa. Aug. 2, 2012). Accordingly, in order to grant Plaintiff's "motion for conditional class certification, the court must be convinced that plaintiff and the potential class members are 'similarly situated' under the 'modest factual showing' standard." *Id.* In the present case, Plaintiff meets the modest burden of demonstrating that he and other potential class members are "similarly situated"—essentially, that they are the "victims" of a single policy or practice enacted by Defendant for which they are now allegedly entitled to compensation.

Defendant further objects to conditional certification on the grounds that "there is no modest showing that [Defendant] improperly administered Plaintiff's and/or any other putative class members' Belo agreement." See Def.'s Br. in Opp. Conditional Cert. at 7, ECF Dkt. 26. Defendant argues that Plaintiff has made no attempt in his motion for conditional certification to "proffer any evidence to show a common violation" of the Belo agreements between Defendant and Plaintiff, and between Defendant and the putative class members. To consider the Belo agreements, however, Defendant would require the Court to engage in a factual analysis at a premature stage. The effect, if any, of purported Belo agreements on certification should be determined at the second stage of the certification analysis, and not in the conditional certification inquiry where a sufficient number of facts have been produced to overcome the "modest burden" required to show the existence of "similarly situated" prospective class members.

Finally, it is within this Court's discretion to facilitate notice to putative class members by authorizing judicial notice of a class action. See *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170-71, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). Nevertheless, both the substance of the notice and the means by which such notice will be communicated should first be determined by the parties. Accordingly, the parties shall meet and confer to discuss the specifics of the notice process, including all substantive details regarding the notice itself, and report to the Court as to whether they could agree upon a substantive form, and methods of communicating that form to potential class members, within sixty (60) days of

the issuance of this memorandum. If the parties are unable to come to a mutual agreement, they should cross-file their proposals, and the Court will intervene.

## **CONCLUSION**

For the reasons set forth in this memorandum opinion, and pursuant to the FLSA, the Court will grant Plaintiff's motion for conditional class certification of similarly situated Service Technicians, and other persons employed in like jobs, and who work or worked for Defendant. The Court declines to permit Plaintiff to communicate any notice to potential class-members at this time. An appropriate order follows.

DATE: December 18, 2012

Robert D. Mariani
United States District Judge